UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANGELA D. LARRY,

    Plaintiff,

v.                                                                                          Case No. 1:22-cv-24190

HIDAY & RICKE, PA,

    Defendant.

_____/

## COMPLAINT

**NOW COMES** ANGELA D. LARRY ("Plaintiff") by and through her undersigned attorney, complaining as to the conduct of HIDAY & RICKE, PA ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Fla. Stat. § 559.55 *et seq.*, Trespass to Chattel ("TTC"), and Intentional Infliction of Emotional Distress ("IIED").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA pursuant to 15 U.S.C. § 1679 *et seq.*, 28 U.S.C. §§ 1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Southern District of Florida and all of the events or omissions giving rise to Plaintiff's claims occurred in this Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all-times relevant, resided in the Southern District of Florida.

5. Defendant is debt collector who engages in the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or asserted to be owed to others. Defendant's principal place of business is located at 6816 Southpoint Pkwy, Building 600, Jacksonville, Florida 32216.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On May 21, 2008, a Miami-Dade County court entered into a judgement for Chase Bank USA, N.A. ("Chase") to recover from Plaintiff.

8. Soon thereafter, Plaintiff entered into an agreement with Chase to pay the outstanding balance sum of $6,205.68 and for the outstanding balance to accrue interest at the rate of 11% per annum.

9. The debt was later transferred or assigned to Defendant for the purpose of collections.

10. On December 9, 2019, Defendant sent a letter to Plaintiff's employer, Alorica, Inc., stating that Defendant is continuing a writ of garnishment for the subject debt.

11. On July, 20, 2021, a garnishment was initiated against Plaintiff for the balance of $7190.90 ("subject debt").

12. Thereafter, Plaintiff began receiving bi-weekly garnishment deductions from her paycheck.

13. On August 12, 2022, Plaintiff resigned from her job at Alorica, Inc., and received her last garnishment payment on August 27, 2021.

14. At the time of her resignation, Plaintiff only had $687.36 remaining on her outstanding balance. In other words, Defendant was only permitted to garnish an additional $687.36 from Plaintiff's wages.

15. In September 2022, Plaintiff began working for United Healthcare Services, Inc. ("United Healthcare").

16. In a notice sent to United Healthcare, Defendant stated they will continue to garnish Plaintiff's wages. However, Defendant provided that Plaintiff owes a remaining balance of $4,688.

17. Perplexed as to why Defendant would request more than what was owed, Plaintiff spoke with United Healthcare's Human Resources Department and told them

that Defendant may be double-dipping into her wages as she only has a remaining balance of $687.36.

18. Concerned about being unable to support her family due to financial difficulty, Plaintiff sought out legal representation to cease Defendant from further garnishing wages Defendant is not entitled to.

19. Defendant falsely represented the legal status of the subject debt because Defendant is double-dipping and attempting to collect on more than it is owed.

20. Defendant unfairly attempted to collect on the subject debt collecting upon more of Plaintiff's wages than it was allowed per court order.

### DAMAGES

21. Defendant's false representation and misleading conduct has severely disrupted Plaintiff's daily life and general well-being as she lives pay-check to pay-check.

22. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, out of pocket expenses, emotional distress, mental anguish, and anxiety as Plaintiff is losing a significant amount of her wages.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

25. The alleged alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

28. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(10), f and f(1) through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692e**

31. Pursuant to 15 U.S.C. § 1692e if the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

32. Defendant violated §§ 1692e and e(2) when it falsely misrepresented the character, amount and legal status of the alleged debt. Defendant falsely attempted to collect the wrong amount from Plaintiff through wage garnishment. Plaintiff paid off

a majority of her debt to Defendant until Plaintiff began her new job where Defendant attempted to garnish more than what was owed.

33. Furthermore, Defendant violated § 1692e(10) by using false representation and deceptive means in connection to the collection of the subject debt. Defendant falsely represented to Plaintiff's employer that Plaintiff owes $4,688 when Plaintiff only owes $687.36. Defendant attempted to double-dip into Plaintiff's wages by stating she owes $4,688 when she only has a remaining balance of $687.36 from the outstanding balance originating from Chase.

    **b. Violations of FDCPA § 1692f**

34. Defendant violated § 1692f when it used unfair and unconscionable means to collect the subject debt through garnishment of Plaintiff's wages. The amount that Defendant continues to collect on is more than Plaintiff's owes toward her outstanding debt as agreed upon by Plaintiff and Chase.

35. Specifically, Defendant unfairly threatened to garnish more of Plaintiff's wages by double-dipping and collecting on more that is owed. Defendant's unconscionable conduct was employed in order to trick Plaintiff into paying more toward the subject debt than she actually owes.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through unlawful deceptive means.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ANGELA D. LARRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

39. Impact is a "debt collector" as defined by Fla. Stat. § 559.55(7).

40. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(9)**

41. A person violates § 559.72(9) of the FCCPA when it "Claim, attempt, or threaten to enforce a debt when such person know that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

7

42. Defendant violated § 559.72(9) when it collected on a debt that was more than it was owe. Defendant attempted to garnish $4,688 of Plaintiff's wages when she began her new job. However, Plaintiff had been paying off the outstanding debt throughout the time Defendant was collecting upon the subject debt and only had a remaining balance of $687.36.

**WHEREFORE**, Plaintiff, ANGELA D. LARRY, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.    A judgment in Plaintiff's favor for Defendants' violations of the FCCPA;

    b.    An award of statutory damages;

    c.    An award of compensatory damages;

    d.    An award of reasonable attorney's fees and costs;

    e.    Any further relief this Court deems just and proper.

### COUNT III – TRESPASS TO CHATTELS

43. Generally, to establish a cause of action in trespass to a chattels there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

44. Defendant intentionally interfered with the physical condition of Plaintiff's wages as Defendant continues to collect on Plaintiff's paycheck by taking more that it is entitled to. Plaintiff had a remaining balance of $687.36 on the subject debt, and Defendant continued to garnish her wages beyond that amount and double-dip into collecting $4,688.

45. Moreover, as set forth above, each time Defendant garnishes Plaintiff's wage, it is interfering with Plaintiff's money that rightfully belongs to her and which Defendant is not entitled to.

46. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ANGELA D. LARRY, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages; and

d. Award Plaintiff her reasonable attorney's fees & costs;

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

48. Defendant intentionally engaged in extreme and outrageous conduct when it began to garnish more of Plaintiff's wages than it was entitled to.

49. Defendant intentionally engaged in extreme and outrageous conduct by notifying Plaintiff's new employer of its wage garnishment for more than the amount

that was due. Defendant is collecting upon $4,688 when the outstanding balance that is due is $687.36.

50. Defendant knew that its conduct of collecting on more than what was entitled to would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being, as she could not afford to continue paying after her obligation was satisfied.

51. Defendant knew or should have known that Plaintiff only had a remaining balance of $687.36 when she began her new job, yet Defendant falsely conveyed to Plaintiff's employer that she owed $4,688.

52. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

53. As stated above, Plaintiff has suffered damages from Defendant's extreme and outrageous conduct.

**WHEREFORE**, Plaintiff, ANGELA D. LARRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his reasonable attorney's fees & costs; and

e. Enjoining Defendant from garnishing Plaintiff's wages that Defendant is not entitled to.

**Plaintiff demands trial by jury.**

Dated: December 23, 2022                                  Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com